Dear Mr. White:
Your opinion request regarding service as a Commissioner for the Slidell Housing Authority and as City Councilman for the City of Slidell, has been received and forwarded to me for response.
In your letter, you state that you currently hold the position of Commissioner for the Slidell Housing Authority. You also hold positions as Commissioner for the Louisiana Housing Council, and Coordinator for Commissioners of District E in the State of Louisiana. You state that you are considering running for the elected office of Slidell City Councilman, and seek an attorney general opinion regarding any possible conflict between these positions.
You currently hold a part-time appointed position as a Commissioner for the Slidell Housing Authority. You have informed me that the other two positions are also part-time positions and are derivative of your position as a Slidell Housing Authority Commissioner. For those two positions, you are actually nominated and elected by other Commissioners. In other words, were you to lose your position as Commissioner for the Slidell Housing Authority, you would also lose your positions as Commissioner for the Louisiana Housing Council and Coordinator for Commissioners of District E in the State of Louisiana.
As you have stated that there is no transfer of funds between the City of Slidell and the Slidell Housing Authority and the Slidell City Council has no oversight over the Slidell Housing Authority, the only apparent conflict to which you refer appears to be the prohibition in Louisiana law against "dual-office holding." LSA-R.S. 42:63 (D) states: "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state, or in the same political subdivision in which he holds an elective office."
In Attorney General Opinion No. 99-357 (attached hereto), we addressed the exact opposite situation. There, an elected Ville Platte Councilman sought our opinion before being appointed to the Ville Platte Housing Authority. In that opinion, we determined there to be no dual-office holding prohibition because the appointment to the Ville Platte Housing Authority was a part-time, appointive office.
The same analysis applies to your situation. As you hold a part-time, appointed position as Commissioner for the Slidell Housing Authority, the Louisiana dual-officeholding statute will not prevent you from also serving in the elected position of Slidell City Councilman, should you be elected to the office.
I trust this sufficiently addresses your inquiry. If our office can be of further assistance, please do not hesitate to call upon us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ THOMAS L. ENRIGHT, JR. ASSISTANT ATTORNEY GENERAL
RPI/TLE:dsc
Enclosure
OPINION NUMBER 99-357
November 22, 1999
An elected City Councilman may also hold the part-time appointed position as a director of the Ville Platte Housing Authority.
Mr. Bennett Baquet, Mayor City of Ville Platte Post Office Box 390 Ville Platte, Louisiana 70586
Dear Mayor Baquet:
This office is in receipt of your opinion request in which you ask if a member of the Ville Platte City Counsel may be appointed as Director of the Ville Platte Housing Authority? You note that the city makes no monetary contributions and has no oversight of the housing authority. The Mayor however, appoints the five member board.
Our response is governed by the following provision of Louisiana's Dual Officeholding and Dual Employment law stating:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. LSA-R.S. 42:63(D)
The office of City Councilman is a local elective office. The appointment to the Housing Authority is a part-time appointive office. The Dual Officeholding statute quoted above prohibits one holding an elective office in a political subdivision of this state while holding a full-time appointive office in the government of a political subdivision. As an appointment to the Ville Platte Housing Authority is not a full-time appointive office, the prohibition is not applicable. Thus, it is permissible for an individual to hold the part-time appointive office of Commissioner of the Ville Platte Housing Authority and hold the elected office of City Councilman for the City of Ville Platte. Note that this opinion is in concurrence with Attorney General Opinions 98-149 and 94-364 which have been attached for your convenience.
We hope the foregoing has sufficiently addressed your concerns. If our office can be of further service, please do not hesitate to contact us at your convenience.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: J. RICHARD WILLIAMS
Assistant Attorney General
RPI/JRW/crt
OPINION NUMBER 98-149
February 24, 1999
78 DUAL OFFICEHOLDING LSA-R.S. 40:531(A); R.S. 42:62(4) and (5); R.S. 40:530
Elected city councilman may also hold part-time appointed position as commissioner of parish housing authority.
Ms. Donna Taylor St. Landry Parish Housing Authority Post Office Box 276 Washington, LA 70589